IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES WOODSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:04cv324-WKW |
| | ) |
| GRANT CULLIVER, *et al.,* | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is now before the court on a petition for habeas corpus relief filed on April 6, 2004, pursuant to 28 U.S.C. § 2254.  In this petition, Woodson challenges his convictions for attempted murder and discharging a firearm into an occupied vehicle entered against him by the Circuit Court of Crenshaw County, Alabama on November 9, 1999.  These convictions became final by operation of law in June of 2001.[1]  The respondents answered and filed documents relevant to a disposition of the issues raised in this case.  Upon review of the pleadings filed in this case, the court concludes that no evidentiary hearing is required and that the petition is due to be denied pursuant to 28 U.S.C. § 2244(d) in accordance with the  provisions of Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*.

It is clear from the evidentiary materials filed by the respondents that Woodson's

---

[1] Because Woodson did not file a petition for certiorari with the United States Supreme Court challenging the Alabama Supreme Court's denial of his petition for certiorari, his conviction became final for purposes of 28 U.S.C. § 2254 upon the expiration of the 90-day period for seeking certiorari review.  *See Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002).

convictions became final in June 2001 -- **after** the effective date of the one-year statute of limitations contained in 28 U.S.C. § 2244(d) which provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, Woodson must have filed his § 2254 petition within one year of his convictions becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. The respondents concede that Woodson filed a post-conviction petition in the state courts which tolled the limitation period. However, the respondents argue that even allowing a tolling of the limitation period during the pendency of Woodson's Rule 32 petition, the limitation period expired prior to his filing of this federal habeas petition.

28 U.S.C. § 2244(d)(1) directs that the limitation period for filing a § 2254 petition

begins to run on the date when the time for seeking direct review of a challenged conviction expires. Woodson was convicted of attempted murder and discharging a firearm into an occupied vehicle in the Circuit Court of Crenshaw County, Alabama on November 9, 1999. On January 4, 2000, Woodson was sentenced to concurrent terms of life imprisonment without the possibility of parole on the attempted murder conviction and twenty years on the discharging a firearm into an occupied vehicle conviction.[2] Woodson filed a direct appeal of these convictions, and the Alabama Court of Criminal Appeals affirmed his convictions on August 25, 2000. *See Woodson v. State*, 794 So. 2d 1226, 1231 (Ala. Cr. App. 2000). Woodson's application for rehearing was denied by the Alabama Court of Criminal Appeals on November 9, 2000. Woodson filed a petition for certiorari with the Alabama Supreme Court which denied his petition for writ of certiorari and issued a certificate of judgment on March 20, 2001. Woodson did not petition the United States Supreme Court for certiorari. By operation of law, Woodson's conviction became final on June 28, 2001, upon the expiration of the 90 day period to file a petition for certiorari with the United States Supreme Court. *See Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000); SUP. CT. R. 13.1 (a petition for writ of certiorari to the United States Supreme Court may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by the aforementioned state court.) Thus, Woodson had one year from June 28, 2001, to file a federal habeas corpus petition, unless the court finds that the limitation period was tolled due to a pending state post-conviction application for relief.

---

[2] Woodson was sentenced as an habitual offender.

"The time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2). Woodson filed his Rule 32 petition on April 4, 2002.[3] At that time, 279 days of the one-year limitation period had elapsed between the date his convictions became final and the filing of his Rule 32 petition in the Circuit Court of Crenshaw County. Upon the filing of his Rule 32 petition, the limitation period was tolled while the petition remained pending in the state courts. The trial court denied this petition on January 15, 2003. Woodson did not appeal this ruling. Consequently, Woodson's Rule 32 petition remained pending, and the limitation period remained tolled, until February 26, 2003, as this is the date on which his time to file an appeal of the trial court's denial of his petition expired. *See* ALA. R. APP. PR. 4(b)(1).[4] Thus, as of February 26, 2003, 279 days of the limitation period had run and Woodson had 86 days remaining in the limitation period within which to file his federal habeas petition. The time allowed for Woodson to file a federal habeas petition expired on May 23, 2003.[5]

---

[3] Although Woodson's Rule 32 petition was not stamped "filed" in the Circuit Court of Crenshaw County until April 11, 2002, the petition was signed by Woodson on April 4, 2002. A pro se inmate's petition is deemed filed on the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [Woodson's petition] was delivered to prison authorities the day he signed it . . ." *Washington v. United States*, 243 F.3d 1299 (11th Cir. 2001). In light of the foregoing, the court concludes that April 4, 2002 should be considered the date of filing of Woodson's Rule 32 petition.

[4] This rule of state appellate procedure requires that a notice of appeal be filed within forty-two (42) days of entry of the order denying the petition.

[5] The court notes that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that
(continued...)

Consequently, the court concludes that the one year limitation period within which Woodson had to file a federal habeas petition expired on May 23, 2003. Woodson filed the instant habeas corpus petition on April 6, 2004. Under the circumstances of this case as outlined herein, the one-year limitation period of 28 U.S.C. § 2244(d)(1) expired over ten months before Woodson filed his § 2254 petition.

On November 3, 2004, the court ordered Woodson to show cause why his petition should not be dismissed pursuant to 28 U.S.C. § 2244(d) for his failure to file within the applicable one-year limitation period. In response to the court's order, Woodson argues that he is "actually innocent" of the underlying offenses. The "actual innocence" standard is set forth in *Schlup v. Delo,* 513 U.S. 298, 314 (1995), and is linked to a "fundamental miscarriage of justice" analysis. *Id.* at 315. Innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted or barred. *Id.* This miscarriage of justice exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Schlup, supra*.

It is Woodson's burden to "support his allegations . . . with new reliable evidence, such as exculpatory scientific evidence, that was not presented at trial." *Johnson v. Nagle*,

---

[5](...continued)
are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298 (11th Cir. 2000). However, there is nothing before the court which demonstrates the presence of "extraordinary circumstances" to warrant an "equitable tolling" of the limitation period.

158 Fed. Appx. 251, 256 (11th Cir. Dec. 12, 2005) (No. 05-13060).

> To make a showing of actual innocence, the petitioner must establish that a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Sibley v. Culliver*, 377 F.3d 1196, 1205 (11th Cir. 2004). "To meet this standard, a petitioner must demonstrate that it is more likely than not that no reasonable juror would have convicted him of the underlying offense." *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001) (quotations omitted); *see also Sibley*, 377 F.3d at 1205. To accomplish this, the petitioner must offer reliable evidence that was not presented at trial. *Johnson*, 256 F.3d at 1171.

*Johnson v. Hooks*, 138 Fed. Appx. 207, 208 (11th Cir. 2005).

Woodson was convicted of attempted murder and discharging a firearm into an occupied vehicle. His defense at trial was mistaken identity. Woodson asserted that he did not shoot the victim; rather Rico Teague shot the victim. Although Teague was subpoenaed to appear at trial, Teague could not be located and the subpoena was never served. Woodson requested a continuance in order to locate Teague. Defense counsel intended to call Teague as a witness to ask him whether he was the person who shot the victim. Because he was not granted a continuance, Woodson argues that he was prevented from presenting this critical evidence to the jury. According to Woodson, the jury would have acquitted him if Teague had testified.

Woodson has failed to make the requisite showing which could satisfy the standard set forth in *Schlup*. First, Woodson presented this theory of mistaken identity to the jury. At trial, five witnesses for Woodson testified either that they did not see Woodson with a gun or that they saw Rico Teague shoot the victim. The jury clearly rejected Woodson's defense. Consequently, the court concludes that Woodson has failed to "demonstrate that it is more

likely than not that no reasonable juror would have convicted him of the underlying offense," even if Teague had testified. *Id*.

Next, Woodson's assertion that Teague would actually testify that he shot the victim is speculative, at best. Woodson does not present an affidavit from Teague indicating that he would so testify if called, nor has Woodson submitted any other evidence, to support his contention that Teague would confess on the witness stand. Woodson's "actual innocence claim is hindered at the onset by a fatal shortcoming – he has not presented any actual evidence." *See Sibley v. Culliver*, 377 F.3d 1196, 1206 (11th Cir. 2004). Woodson must make a threshold showing which he has failed to do. Mere conclusory allegations are insufficient to support a claim of actual innocence. Thus, the court finds that the one-year limitation period of 28 U.S.C. § 2244(d)(1) expired on May 23, 2003, over ten months before Woodson filed his federal habeas petition. Because the petitioner did not file in this court until April 6, 2004, his petition is time-barred and this court may not address the merits. The court further concludes that the petitioner has failed to show cause why his petition should not be dismissed.

Accordingly, for the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied, that this case be dismissed pursuant to 28 U.S.C. § 2244(d), and that the costs of this proceeding be taxed against the petitioner. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **May 1, 2006.** Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 17th day of April, 2006.

           /s/Charles S. Coody
           CHARLES S. COODY
           CHIEF UNITED STATES MAGISTRATE JUDGE